**MUSCARELLA, BOCHET,
EDWARDS & D'ALESSANDRO, P.C.**
10-04 River Road
Fair Lawn, New Jersey 07410
(201)796-3100
Counsel to Trustee
BAE7510

|  |  |  |
|---|---|---|
|  |  | **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**CASE NO. 12-40081-DHS** |
| **In the Matter of:** | : |  |
|  | : |  |
| **JOSHUA C. CEDERBAUM,** | : | Chapter 7 |
|  | : |  |
| Debtor. | : |  |
| _____ | : | Adv. Proc. No. |
| **BARBARA A. EDWARDS, Trustee,** | : |  |
|  | : |  |
| Plaintiff, | : |  |
| vs. | : | **COMPLAINT TO SELL PROPERTY** |
|  | : |  |
| **ADI HECHT AND** | : |  |
| **JOSHUA C. CEDARBAUM,** | : |  |
|  | : |  |
| Defendants. | : |  |
| _____ | : |  |

The Complaint of Barbara A. Edwards, Trustee, by and through her attorneys alleges:

## JURISDICTION

1. The debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code on December 31, 2012.

2. Plaintiff, Barbara A. Edwards, is the duly appointed and acting Trustee and continues to act in that capacity.

3. This action is brought pursuant to 11 U.S.C. §363(h).

4. This Court has jurisdiction over the within action pursuant to 28 U.S.C. §157 and §1334.

5.  The within matter is a core proceeding as set forth in 28 U.S.C. §157 and venue is proper in this district pursuant to 28 U.S.C. §1409.

## **COMPLAINT**

1.  Plaintiff/trustee hereby repeats, reiterates and re-alleges each and every allegation contained in the Jurisdictional section of this Complaint.

2.  The debtor, Joshua C. Cedarbaum, is co-owner of real property located at 32 Fairview Avenue in West Orange, New Jersey.

3.  Upon information and belief, said property has a market value of approximately $450,000.00 and is owned jointly be debtor and defendant Adi Hecht.

4.  Upon information and belief, the property is subject to a mortgage in the approximate sum of $311,000.00.

5.  The debtor does not reside in the subject property and it appears that after allowing for the costs of sale, the estate's interest in the property is approximately $45,000.00.

6.  The within property is a single family home in a residential area making partition of this property impracticable and sale of the estate's interest would realize significantly less than would a sale free and clear of the interest of the co-owner.

7.  Pursuant to 11 U.S.C. §363(h), the trustee is permitted to sell both the estate's interest and the interest of the co-owner of the property when partition is impracticable and the sale of the estate's interest would realize significantly less than the sale of the property free and clear of the interest of the co-owner and the benefit to the bankruptcy estate of such sale outweighs the detriment, if any, to the co-owner.

WHEREFORE, plaintiff/trustee hereby demands judgment against the defendants permitting the trustee to sell the property located at 32 Fairview Avenue in West Orange, New Jersey, and distributing the proceeds of such sale pursuant to 11 U.S.C. §363(j) and for such other and further relief as this Court may deem just and proper.

        MUSCARELLA, BOCHET,
        EDWARDS & D'ALESSANDRO, P.C.

        By:   */s/ Barbara A. Edwards*
            **BARBARA A. EDWARDS**

Dated: February 13, 2013